United States District Court
Southern District of Texas
**ENTERED**
March 18, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| BENJAMIN FORD, *et al*, § § Plaintiffs, § VS. § UNITED PROPERTY & CASUALTY § INSURANCE COMPANY, *et al*, § § Defendants. § | CIVIL ACTION NO. 3:18-CV-00182 |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant, United Property & Casualty Insurance Company's ("United"), Motion to Compel Appraisal and Abate Proceedings Pending Completion of Appraisal. Dkt. 21. After reviewing the motion, the response, the reply, and the applicable law, the Court **GRANTS** the motion.

### Factual Background and Proceedings

On August 29, 2017, Plaintiffs, Benjamin and Jill Ford (collectively "the Fords"), submitted a claim for Hurricane Harvey damage to United, their homeowner's insurance provider. Dkt. 21 at 1. After inspection by an independent adjuster, United estimated the value of the claim at $7,105.74 and offered a cash settlement for that amount. Dkt. 21 at 15. The Fords rejected the offer and requested a reinspection of the claim, which ultimately led to a "supplemental payment of $31,053.89" on December 5, 2017. Dkt. 21 at 2. This supplemental payment was also rejected by the Fords, causing United to invoke the appraisal provision of the homeowner's insurance policy (the "Policy") on January 18, 2018. Dkt. 21 at 36.

Two months later the Fords sent United pre-suit notice under the Deceptive Trade Practices Act ("DTPA") and the Texas Insurance Code. Dkt. 21 at 37. In response, United invoked its appraisal right again on May 3, 2018. Dkt. 21 at 46. The Fords subsequently filed claims against United for breach of contract, violations of the Texas Insurance Code, and violations of the DTPA in Galveston County Court on May 22, 2018. After the suit was removed to this Court later that June, United asked the Court for permission to file a motion to compel appraisal on December 7, 2018. Dkt. 17. The Court Granted United the right to file a motion to compel appraisal on January 3, 2019. Dkt. 20.

The only issue before the Court is whether the parties should be compelled to participate in their contractually required appraisal process. For the following reasons, the Court finds that the parties should be compelled to participate in appraisal and that this case should be abated pending completion of the appraisal.

## Analysis

Commonplace in homeowners, automobile, and property insurance policies, appraisal clauses provide "a less expensive, more efficient alternative to litigation" over the amount of loss for a covered claim. *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 407 (Tex. 2011). For that reason, Texas courts have consistently held that appraisal clauses "should generally go forward without preemptive intervention by the courts." *See State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 895 (Tex. 2009). However, in certain circumstances, a court may decide not to enforce an appraisal clause if it feels like the right to invoke appraisal has been waived. *See Pounds v. Liberty Lloyds of Tex. Ins. Co.*, 528 S.W.3d 222, 226 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

"[W]aiver is an affirmative defense, and the party seeking to defeat appraisal bears the burden of proof." *JM Walker LLC v. Acadia Ins. Co.*, 356 F. App'x 744, 748 (5th Cir. 2009). In order to win on the affirmative defense of appraisal, a party opposing appraisal must provide evidence of acts "reasonably calculated to induce the assured to believe that a compliance by him with the terms and requirements of the [appraisal clause] is not desired, or would be of no effect if performed." *Scottish Union & Nat'l Ins. Co. v. Clancy*, 8 S.W. 630, 632 (Tex. 1888). There must be proof that the party waiving appraisal "intentional[ly] relinquish[ed]" its appraisal right or acted in a way "inconsistent with claiming that right." *In re Gen. Elec. Capital Corp.*, 203 S.W.3d 314, 316 (Tex. 2006).

Here, the Court finds that the Policy contains a valid appraisal clause and that United did not waive its appraisal right.

To begin, the parties agree that their relationship is governed by the following appraisal provision:

> SECTION I – CONDITIONS
>
> F. Appraisal
> If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.

> Each party will:
> 1. Pay its own appraiser; and
> 2. Bear the other expenses of the appraisal and umpire equally.
>
> No suit involving the amount of loss or damage under Section I of the policy can be brought unless an appraisal has been completed.

Dkt. 21 at 12. Indeed, the only objection the Fords raise here is that United waived its right to appraisal because United filed its motion to compel "232 days" after this suit was filed and litigation was "well under way." Dkt. 22 at 2. The Court Disagrees.

United has consistently invoked its right to appraisal since the parties reached an impasse in their claim negotiations on December 5, 2017. *See Dike v. Valley Forge Ins. Co.*, 797 F. Supp. 2d 777, 784 (S.D. Tex. 2011) ("[W]hile an unreasonable delay is a factor in finding waiver, reasonableness must be measured from the point of impasse."). The fact that United had not actually filed its motion to compel until 232 days after this suit commenced is irrelevant. Determining whether a party has waived its right to appraisal "requires an examination of the circumstances and the parties' conduct, not merely a measure of the amount of time involved in seeking appraisal." *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d at 408. And here, United has consistently asserted its appraisal right over the life of this dispute. Dkt. 21 at 36 (United asserted its appraisal right once it became clear that the Fords were not willing to accept the supplement payment); Dkt. 21 at 46 (United invoked appraisal after it received pre-suit notice); Dkt. 17 (United filed a letter after this suit was filed asking for permission to file a motion to compel appraisal). United cannot reasonably be characterized as having acted in a way that induced the Fords to believe that compliance with the terms and

requirements of the appraisal clause was not desired. *See Scottish Union & Nat'l Ins. Co.*, 8 S.W. at 632.

Moreover, even if it were true that United waited too long to formally file a motion to compel appraisal, "[m]ere delay is not enough to find waiver, a party must show that it has been prejudiced." *Dike*, 797 F. Supp. 2d at 784. And here, there is no prejudice to be found. The Texas Supreme Court has observed that "it is difficult to see how prejudice could ever be shown when the policy…gives both sides the same opportunity to demand appraisal" like it does here. *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d at 412. "If a party senses that an impasse has been reached, it can avoid prejudice by demanding an appraisal itself." *Id*. The Fords would not be prejudiced by being compelled to participate in appraisal. Therefore, United's appraisal right has not been waived.

## Conclusion

For the foregoing reasons, this court finds that United did not waive its right to invoke appraisal and therefore **GRANTS** the motion to compel appraisal. The case is **ABATED** pending the appraisal process. The parties must notify this court within 14 days after the completion of the appraisal process.

SIGNED at Galveston, Texas, this 18th day of March, 2019.

George C. Hanks Jr.
United States District Judge